Spurlock, J.
In this action by a police officer against the Town of Wakefield to recover damages for a violation of the Civil Service laws and for failure to grant injured-on-duty disability benefits, plaintiff has moved for summary judgment on both Counts of the Amended Complaint. After hearing counsel and considering the parties’ submissions, the Court grants the motion with respect to Count II but denies the motion with respect to Count I.[1]
UNDISPUTED FACTS
The plaintiff was employed as a police officer for the Town of Wakefield beginning as a full-time officer in September 1983. In December 1993, plaintiff went to see the Chief of Police of Wakefield, Stephen Doherty. At this meeting, plaintiff requested some time off to address a personal problem. Plaintiff informed the Chief that he had been under care for psychological problems in the past and that they were again causing him problems. The Chief told plaintiff to go home and to remain out of work indefinitely, pending a psychological evaluation by the Town’s examiner.
On January 28, 1994, the Town psychologist informed the Chief that it was his opinion that plaintiff was unfit to return to work. On that same day, the Chief met with plaintiff and informed him that he would not be allowed to return to work. On February 9, 1994, plaintiff asked the Chief if he could return to work on a light duty basis. This request was denied. As of this date, plaintiff has yet to return to work. He has used all his sick, personal, and vacation time. At no time from plaintiffs initial request for personal time to this date has the Town given plaintiff a written notice of its actions or a hearing.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1383); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the situation is such that “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
COUNT II — G.L.c. 31, §41 — Civil Service Laws
The issue presented by the parties on this motion for summary judgment is whether the plaintiff has *584 been “suspended” within the meaning of G.L.c. 31, §41. As a preliminary matter, in order for §41 to be applicable, the person alleging a violation must be a tenured employee. It is undisputed that plaintiff is a tenured employee under G.L.c. 31, §§1 and 41. G.L.c. 31, §41 states in relevant part,
a tenured employee shall not be discharged, removed, suspended for a period of more than five days .. . without his consent... Before such action is taken, such employee shall be given a written notice by the appointing authority, which shall include the action contemplated, the specific reason or reasons for such action and a copy of sections forty-one through forty-five, and shall be given a full hearing concerning such reason or reasons.
Plaintiff argues that it is clear, as a matter of law, that he has been suspended from his job. Defendant argues that plaintiff has not been suspended at all and is currently considered to be on sick leave. Defendant also claims that plaintiff can return to work as soon as he proves that he is capable of doing the job. In addition, defendant asserts that plaintiffs position has not been filled nor can it be because the Civil Service Commission would not permit it as there is no vacancy. It is undisputed that no written notice or opportunity for a hearing has been given to plaintiff. Thus, if the plaintiff has been suspended, his rights under the Civil Service Laws have been violated and he is entitled to relief.
Suspension is defined in c. 31, §1 as, “a temporary, involuntary separation of a person from his civil service employment by the appointing authority.” Moreover, it has been held by the Supreme Judicial Court that a suspension “imports the possibility or likelihood of return to work when the reason for the suspension ceases to be operative.” Board of Selectmen of Framingham v. Civil Service Commission, 366 Mass. 547, 553 (1974). In other words, the “gist of suspension is that the employee still has a chance to return to work and is not foreclosed [from doing so].” Id.
In the case at bar, defendant’s assertion that plaintiff has not been suspended because he is free to return to work once he proves that his disability no longer exists actually establishes the opposite conclusion. The fact that the possibility of the plaintiff returning to work still exists confirms that he has been suspended.
Thus, based on the undisputed facts, plaintiff is entitled to summary judgment on Count II as a matter of law because he has been suspended from his civil service job without a proper written notice and an opportunity to be heard as required by c. 31, §41.
COUNT I — G.L.c. 41, §111F — Injured-On-Duty Benefits
Plaintiff asserts that his disability is work-related and thus he is entitled to injured-on-duty status and the benefits that derive therefrom as detailed in G.L.c. 41, §111F. Defendant claims that there is a factual dispute with respect to whether plaintiffs injury is “work-related.” This Court agrees with defendant. Whether plaintiffs injuries were “sustained in the performance of his duty without fault of his own” is a question of material fact and thus not appropriate for summary judgment. See, G.L.c. 41, §111F. Therefore, plaintiffs motion for summary judgment is denied as to Count I.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is hereby ALLOWED as to Count II but DENIED as to Count I.

 Count I is based on a violation of G.L.c. 41, §111F (injured-on-duty benefits). Count II is based on a violation of G.L.c. 31, §41 (Civil Service laws).